IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YENNY JOSEFINA SANCHEZ ALVAREZ, A# 245085709, Petitioner, | § | |
| v. | § | No. 3:26-CV-2332-B-BW |
| WARDEN, PRAIRIELAND DETENTION CENTER, Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on July 14, 2026. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the habeas petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

Yenny Josefina Sanchez Alvarez, a native and citizen of Venezuela detained at Prairieland Detention Center ("PDC") in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 challenging her prolonged and continued detention by United States Immigration and Customs Enforcement ("ICE"). (*See id.*) She did not identify a respondent.

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 1.)

Sanchez Alvarez indicates that she was taken into immigration custody on May 29, 2026, and that she is subject to an order of removal dated June 25, 2026. (*See id.* at 4.)[2] She did not appeal the removal order to the Board of Immigration Appeals ("BIA") because she "signed for [her] deportation but [she's] still here detained under ICE custody and because [her] country Venezuela isn't rec[e]iving anyone because of the earthquakes." (*Id.* at 2; *see also id* at 4.) She asserts the following grounds for relief in her § 2241 petition:

(1) Violation of Art. 1231(a)(6), Title 8, Code of United States; and

(2) Violation of due process clause of the Fifth Amendment to the U.S[.] Constitution.

(*Id.* at 6 (capitalization altered).) She seeks immediate release from ICE custody. (*See id.* at 7.)

## II. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Generally, this is "'the person' with the ability to produce the prisoner's body before the habeas court.'" *Id.* at 435. Because Sanchez Alvarez is detained at PDC, the proper Respondent is the Warden of PDC. *See id.* at 436. Accordingly, the Court **DIRECTS** the Clerk of the Court to change the caption of this case to reflect the Warden of PDC as the only proper respondent in the case.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In both of her grounds for relief, Sanchez Alvarez challenges her alleged prolonged detention. (*See* Dkt. No. 3 at 6.) Citing 8 U.S.C. § 1231(a)(6), Sanchez Alvarez alleges in her first ground that she has "been detained by ICE beyond the removal period authorized by statute [and] ICE is not likely to remove [her] in the near future." (*Id.*) In her second ground, she complains that she has "been detained by ICE for a prolonged period," in violation of her "right to liberty" under the due process clause of the Fifth Amendment. (*Id.*) These claims appear to seek relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Section 1231(a)(1)(A) of Title 8 of the United States Code provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). During the "removal period," the alien must be detained. *See* 8 U.S.C. § 1231(a)(2). After the expiration of the removal period, the government may continue to detain an inadmissible or criminal

alien or release her subject to conditions of release. *See* 8 U.S.C. § 1231(a)(6). To facilitate "uniform administration in the federal courts," the Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas* 533 U.S. at 701. This period commences on the date the order of removal becomes administratively final.[3] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021).

Here, Sanchez Alvarez indicates that her removal order was dated June 25, 2026, and that she did not appeal the removal order to the BIA. (*See* Dkt. No. 3 at 4.) It is unclear from Sanchez Alvarez's petition if and when the period in which she was permitted seek review of the removal order expired, but in any event, it could not have expired earlier than the date of the removal order itself, June 25, 2026.[4] *See* 8 C.F.R. § 1003.38(b) (addressing filing deadlines for appeals to the BIA). Assuming

---

[3] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.

[4] Sanchez Alvarez directs the Court to an "attached memorandum with additional specific facts" in both of her grounds for relief. (Dkt. No. 3 at 6.) The Court did not receive a memorandum or any other filing from Sanchez Alvarez in this case aside from her petition and application to proceed in forma pauperis.

arguendo that Sanchez Alvarez's removal order became administratively final on the earliest date of June 25, 2026 when it was dated, the 90-day "removal period" from that date has not yet expired and, even if it had, Sanchez Alvarez "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Agyei-Kodie*, 418 F. App'x at 318. Indeed, according to Sanchez Alvarez, she has been in custody for a total of approximately two months. (*See* Dkt. No. 3 at 4.)

Sanchez Alvarez's challenges to her alleged prolonged detention under *Zadvydas* are therefore premature, and the Court should dismiss them for lack of jurisdiction without prejudice to her right to file a § 2241 petition challenging her detention after the presumptively reasonable six-month period has expired. *See* *Agyei-Kodie*, 418 F. App'x at 318 (dismissing the petitioner's premature challenge to his continued post-removal-order detention for want of jurisdiction).

## IV. RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on July 14, 2026 (Dkt. No. 3), without prejudice for lack of jurisdiction.

**SO RECOMMENDED** on July 29, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).